UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 18-0077-WHO |
| Plaintiff, | ORDER DETAINING DEFENDANT PRETRIAL |
| v. | |
| CECIL TERRELL, | |
| Defendant. | |

On February 22, 2018, an indictment was filed in the Northern District of California charging Defendant Cecil Terrell with a violation of Title 18, United States Code, Section 922(g)(1) – felon in possession of a firearm. On April 23, 2018, Terrell appeared before this Court for arraignment on the indictment. On April 26, 2018, Terrell appeared before this Court for a detention hearing.

There, the government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. Pretrial Services agreed and submitted a report outlining why Terrell's release posed a safety risk to the community.

Upon consideration of the Pretrial Services report, the court file, and the party proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e). The Court therefore orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, which include the following:

(1) the nature and seriousness of the offense charged;

1     (2) the weight of the evidence against the person;

2     (3) the history and characteristics of the person including, among other considerations,

3 employment, past conduct and criminal history, and record of court appearances; and

4     (4) the nature and seriousness of the danger to any person or the community that would be posed

5 by the person's release.

6 18 U.S.C. § 3142(g).

7     Terrell has a substantial criminal history involving violence and firearms, to include a criminal

8 conviction for voluntary manslaughter and a 2018 conviction of felon in possession. He is also a

9 validated member of a street gang. Also, Terrell was arrested for this offense while on parole for his

10 voluntary manslaughter conviction, and has other parole violations and revocations of community

11 supervision, which suggests that Terrell is not amenable to supervision.

12     Taking into account the nature of the crime alleged, as well as the history and characteristics of

13 the defendant, the Court determines that, on the record before it, there is no condition or combination of

14 conditions of release that can reasonably assure the safety of any other person and the community.

15     Accordingly, under 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

16     (1) Defendant is committed to the custody of the Attorney General for confinement in a

17 corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or

18 being held in custody pending appeal.

19     (2) While detained, Defendant shall be afforded reasonable opportunity for private consultation

20 with counsel;

21     (3) On order of the Court of on request of an attorney for the government, the corrections facility

22 in which Defendant is detained shall deliver Defendant to a United States marshal for the purpose of

23 appearing for a court proceeding.

24     This Order is without prejudice to reconsideration at a later date if circumstances change.

25

26 IT IS SO ORDERED.

27 May 1, 2018

28     HON. ELIZABETH D. LAPORTE
    United States Magistrate Judge

ORDER DETAINING DEFENDANT PRETRIAL
18-0077 WHO